## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

March 18, 2021

TO COUNSEL OF RECORD

Re: *Gray Construction v. Medline Industries, Inc.*
Civil No. GLR 19-3405

Dear Counsel:

This case was referred to me for all discovery on March 10, 2021. At issue currently is Plaintiff Gray's motion to compel certain answers to interrogatories and production of documents. ECF 121. Prior to filing ECF 121, the parties filed correspondence with the Court, ECF 118-19. I requested clarification regarding how the parties would like to proceed and the status of the dispute. ECF 123. The status report indicated a joint request to proceed by ECF 121, the motion to compel. I have carefully reviewed the Motion, Response and Reply included in ECF 121. The motion to compel ECF 121 is DENIED.

Plaintiff complains that Medline's answers to interrogatories 1,2,5 and 7 are deficient. I have reviewed the specific information provided by Medline and find that the answers are in compliance with Fed. R. Proc. 33 and agree with Medline that the answers provided were not deficient.

Interrogatory Response 1 provides sufficient detail in calculating damages and the location of back up documents and dates of those documents. Interrogatory Response 2 breaks down the requested information to completion costs and costs for retaining wall damages. It clearly identifies the bates stamped pages to locate the supporting documents. Medline responds in Interrogatory 5 with reference to SESI global evaluation report and the expected expert testimony and reports that are not yet due. Medline further responds that contention interrogatories generally require more discovery before pinning down a defense or assertion. The Court agrees. However, the caveat is that Medline is bound by the scheduling order and if certain information is not disclosed or asserted by their expert testimony, it may be precluded from admission at trial. That said, Interrogatory response 5 is not deficient. The parties appear to agree that Interrogatory 7 is mooted by the settlement between Gray and DGS Construction.

Turning to the Requests for Production, again the Court agrees with Medline. With respect to Request 3, Medline properly produced the change order information and the bates stamped documents in support of its response. Medline also is on notice that it must comply with its continued duty to respond with any newly identified documents. This duty extends to the remaining documents in dispute as well. Medline has appropriately responded to Request 4 by providing documents they possess regarding payments between the parties and Medline's subcontractors through Textura. While the payments between Medline and Gray are already in Gray's possession, Medline still is required to produce those documents which they state they have, along with the Textura payments to subcontractors. Request 7 requires Medline to produce damages and documents relied upon to calculate those damages. Plaintiff has aptly responded in

*Gray Construction v. Medline Industries*, GLR-19-3405
March 18, 2021
Page 2

Interrogatories 1 and 2 and identified those documents and expected expert testimony in order to prove and calculate those damages. It is early in discovery for expert disclosure, but Medline will need to exercise caution in providing timely expert reports that will supplement Request 7. Failure to do so could have consequences as to admissibility. The same analysis can be said for Requests 9,10 and 11 regarding the storm water controls, retaining wall damage and pavement work. To date, Medline has complied with the production of documents and the Court finds no merit in Gray's claims with respect to document production.

District courts exercise broad discretion over discovery issues. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016) (*citing Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402–03 (4th Cir. 2003)). It is obvious to the Court that this case will be discovery intensive. The Motion to Compel ECF 121 is both premature in its assertions and after consideration on its merits, a baseless assertion of discovery deficiencies. Gray is reminded of its duty to resolve discovery disputes in good faith. The Court will not tolerate future discovery disputes that are premature or lack merit. The parties are likewise reminded that cooperation will save time and money for their respective clients as they navigate through the complicated discovery challenges in this litigation. D.Md. Local Rule, App. A.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge