**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**A. DAVID COPPERTHITE**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0946**
**MDD_ADCChambers@mdd.uscourts.gov**

April 5, 2021

TO COUNSEL OF RECORD

    Re:  *Gray Construction v. Medline Industries, Inc.*
          Civil No. GLR 19-3405

Dear Counsel:

    This case was referred to me for all discovery on March 10, 2021 (ECF 122). Plaintiff/Counterclaim Defendant Gray and Counter Defendant Geo Technology Associates Inc., (GTA) issued a subpoena duces tecum to the Chief Engineer of SESI, designated by Defendant/Counter-Claimant Medline as an expert witness. Medline has objected as well as Counsel for SESI on the basis that SESI is a designated expert witness and therefore is only subject to expert witness disclosure (Fed. R. Civ. P. 26(a)(2), (b)(3)(A)) and disclosure according to the scheduling order in this case. Gray and GTA allege that SESI is a hybrid fact/expert witness and subject to the subpoenas. I have reviewed the correspondence in this case and the responses (ECF 130, 131, 134-138). It is unclear from the parties; correspondence whether relief is being requested at this time. However, having reviewed the documents it appears to the Court that SESI is a hybrid fact/expert witness. As Gray describes the information sought, SESI wore both hats in this matter. SESI was contacted by Medline to conduct an investigation and prepare reports regarding the cause of the failure of the retaining wall, ECF 133. SESI also directed the completion of Gray's scope of work after Medline terminated Gray. While I can see that conducting the investigation and preparing reports are certainly activities related to SESI's expert witness status and protected from disclosure, the latter activities of SESI in completing the work are not.

    Under the work product doctrine a party many not ordinarily discover documents and tangible things that are prepared in anticipation of litigation or for trial by another party or its representative. Fed. R. Civ. P. 26(b)(3)(A). An exception exists if the party seeking discovery can show it has a substantial need for the materials and that it cannot without undue hardship obtain their substantial equivalent by other means. *Id.* The work product protection arises from a different circumstance and protects different interest that the attorney-client privilege. *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co., Inc.* 967 F.2d 980, 984 n.4 (4th Cir. 1992). Medline argues that all of this activity is protected because it occurred after litigation started and was not prior to litigation. Medline relies on *Jowite Lt'd Partnership v. Fed. Ins. Co.,* 2019 U.S. Dist. LEXIS 59726, 819 (D.Md. 2019). Medline here stretches *Jowite* to suggest that any activity of a designated expert is protected from disclosure other than the Fed. R. 26(a)(2) and (b)(3)(A) requirements if the activity occurs *after* litigation is anticipated. The Court disagrees. It is the activity itself that designates whether it is fact witness information or expert information. In this case, SESI was contracted as an expert and presumably conducted an investigation and wrote reports. That activity is clearly covered under Fed. R. Civ. P. 26. In addition to the expert activity, SESI prepared design documents and directed the scope of work to complete Gray's part of the contract. That specific activity crosses out of expert witness land into fact witness territory. In addition to the timing, whether in anticipation of litigation, it is also the content of the information (here the activity)

*Gray Construction v. Medline Industries*, GLR-19-3405
April 5, 2021
Page 2

being sought that determines whether disclosure is restricted under Rule 26.

Assuming arguendo SESI is simply an expert and the design documents and activity directing the scope of the work are protected under Fed. R. 26, the requesting party must show a substantial need for the materials it cannot obtain without undue hardship. Fed. R. Civ. P. 26(b)(3)(A). The Court is satisfied that Gray and GTA have provided a basis establishing substantial need as outlined in ECF 133, p.2. The information Gray and GTA seek relates directly to the damages Medline claims . So even if this information sought is protected under the expert disclosure limitations of Rule 26, Gray and GTA have provided the basis for disclosure pursuant to Fed. R. Civ. P. 26(b)(3)(A). *Jowite* at 3.

Therefore, I find that the information sought by subpoena to SESI with respect to the preparation of design documents and SESI's direction of the scope of work to be completed under Gray's contract shall be disclosed. The remaining information as to SESI and its designation as expert witness will proceed in accordance with Fed. R. Civ. Proc. 26 and its applicable protections. The Court encourages the parties to work together in the most expedient and economical fashion with respect to SESI's production of documents. In the event the production of documents and any ESI to be disclosed results in an undue hardship to non-party SESI, counsel for SESI may petition the Court for costs to be paid by Gray and GTA. The requesting parties will have an opportunity to respond to any such request.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

                                                Very truly yours,

                                                /s/

                                                A. David Copperthite
                                                United States Magistrate Judge