IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GRAY CONSTRUCTION, INC., | * |
| Plaintiff / Counterclaim Defendant, | * |
| v. | * |
| MEDLINE INDUSTRIES, INC. | * |
| Defendant / Counterclaim Plaintiff, | * |
| MEDLINE INDUSTRIES, INC., | * |
| Third-Party Plaintiff, | * |
| v. | * |
| YORK BUILDING PRODUCTS CO., INC., et al. | * |
| Third-Party Defendants. | * |

Civil Case No.: SAG-19-03405

* * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

The deadline for dispositive motions in this case[1] was March 11, 2022. *See* ECF 194. Nonetheless, without any motion or request to amend this Court's scheduling order, Geo-Technology Associates, Inc. ("GTA") filed a "Motion to Dismiss Defendant/Counterclaim Plaintiff Medline, LLC's Counterclaim for Failure to Comply with the Certificate of Qualified Expert Statute," ("the Motion") ECF 307, on May 4, 2023—*451 days* after the parties' twice-extended deadline for filing dispositive motions. Medline, LLC ("Medline") has opposed the

---

[1] For a factual background of this case, *see* this Court's Memorandum Opinion denying in part and granting in part GTA's motion for summary judgment, ECF 281.

motion, ECF 314; GTA replied, ECF 315. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021).

Without any request or showing of good cause to amend the scheduling order, GTA cannot file its motion.[2] *See* Local Rule 105.2(a) (D. Md. 2021) ("All motions must be filed within deadlines set by the Court."); *see also* FED. R. CIV. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."). "[A] judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

Even if GTA's Motion were timely, this Court would not grant the relief it seeks. GTA asks this Court to dismiss without prejudice the counterclaims asserted against it because Medline failed to timely provide a certificate of qualified expert within 90 days of filing its counterclaims, as required by MD. CODE ANN., COURTS AND JUDICIAL PROCEEDINGS ("CJ"), § 3-2C-01, *et seq*. Medline arguably did not need to file a certificate because its allegations were against GTA and not any licensed individual. *See Heavenly Days Crematorium, LLC v. Harris, Smariga & Assocs., Inc.*, 433 Md. 558, 574–75 (2013) ("the Legislature's use of the definite article—'the licensed professional' as opposed to 'a licensed professional'—makes clear that the certificate requirement remains keyed to alleged malpractice by at least one specific licensed professional, even if the individual's employer rather than the licensee is the defendant. It is thus indisputable that the certificate requirement is triggered only when a complaint alleges professional malpractice by one

---

[2] GTA makes the incredible argument that its motion is timely because it seeks a dismissal without prejudice, meaning that the motion is not "dispositive" on the merits. ECF 315 at 11. A motion to dismiss is a dispositive motion because, if granted, it disposes of the asserted claim. Whether that claim can later be re-filed is irrelevant.

or more individual licensees."). But even if a certificate were required, Medline has presented ample expert documentation regarding a breach of a professional standard of care to satisfy the statute. The purpose of the certificate is to protect against frivolous claims and ensure that a factfinder can assess any alleged breach with the assistance of expert opinion. *Id.* at 561 ("When professional malpractice is alleged, it is often thought that factfinders who are not members of the particular profession may have difficulty understanding the standard of care against which the defendant's actions are to be measured without the assistance of expert opinion. Accordingly, it is also thought that a prospective plaintiff should obtain a favorable expert opinion at the outset as a prerequisite to prosecuting a malpractice action."). Medline has filed numerous reports filed by a "qualified expert" explaining in great detail how GTA breached its professional standard of care. *See* MD. CODE ANN., CJ § 3-2C-01(d).

GTA's instant motion comes after this Court has ruled on multiple rounds of motions to dismiss, motions in limine, motions for summary judgment, motions to sever, and motions to reconsider, and after this Court has scheduled two sets of trial dates for the parties. It would be a pointless exercise of paperwork, antithetical to the purpose of the statute, and a waste of judicial resources to dismiss the counterclaims without prejudice simply to enable Medline to re-file them and provide a formal certificate within the ninety-day deadline.

For the foregoing reasons, GTA's Motion to Dismiss, ECF 307, is **DENIED** as untimely filed in contravention of this Court's scheduling order.

Dated: June 15, 2023                                    /s/
                                                        Stephanie A. Gallagher
                                                        United States District Judge